IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:19-cv-00224

| | |
|---|---|
| WILLIAM A. POLK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   **COMPLAINT AND**<br>)   **DEMAND FOR JURY TRIAL**<br>) |
| TERMINIX SERVICE, INC., | )<br>) |
| Defendants. | )<br>) |

Plaintiff, William A. Polk ("Plaintiff" or "Polk"), by and through counsel, brings this action for violations of (1) Title VII of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., as amended; and (2) the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

## THE PARTIES

1.  Polk is an adult individual who is a resident of Charlotte, North Carolina.

2.  Defendant Terminix Service, Inc. ("Terminix") is a foreign corporation registered and in good standing in the State of North Carolina.

## JURISDICTION AND VENUE

3.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought under the ADA for unlawful discrimination and FMLA for unlawful interference and retaliation.

4. This Court has personal jurisdiction because Defendant conducts substantial business in Mecklenburg County, North Carolina, which is located within this judicial district.

5. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County located within this judicial district.

6. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

7. At all times relevant to this action, Plaintiff was a "qualified individual" covered by the protections of The Americans With Disabilities Act of 1990, as amended, within the meaning of 42 U.S.C. § 12111(8).

8. Terminix is an "covered entity" within the meaning of 42 U.S.C. § 12111(5)(A).

9. Defendants employed at least fifteen (15) employees at all relevant times.

10. Plaintiff satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability. On February 28, 2019, the EEOC issued a Notice of Suit Rights and Plaintiff timely brings this action within ninety (90) days of his receipt thereof.

11. At all times hereinafter mentioned, Terminix has been an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

12. At all times hereinafter mentioned, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2), meaning that Terminix employed him for at least 12

months and he performed at least 1250 hours of service with Terminix during the 12-month period preceding the termination of his employment.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. Plaintiff began his employment with Defendant on or about June 2015 as a Keyman.

14. At all times Plaintiff met or exceeded Defendants legitimate employment expectations.

15. On or about September 13, 2017, Plaintiff suffered a heart attack and subsequently required medical leave from his employment.

16. On October 17, 2017, Plaintiff's supervisor, Travis Plattenburg, requested Plaintiff return to work on a "light duty" basis with full knowledge of Plaintiff's heart attack. Plaintiff agreed because he reasonably believed he could not refuse Plattenburg's request. Accordingly, Plaintiff requested that his doctor release him to work for "light duty only."

17. On October 23, 2017, Plaintiff provided his employer with a doctor's note that stated Plaintiff was undergoing cardiac rehabilitation three times per week on Mondays, Wednesdays, and Fridays from 6:30 a.m. until 8:15 a.m. The cardiac rehabilitation left Plaintiff both physically and mentally exhausted. On some days, Plaintiff was unable to return to work after cardiac rehabilitations, but others he was not too physically and mentally drained and returned to work.

18. Defendant failed to adequately provide written notice to Plaintiff of his eligibility for FMLA within five days of being provided with Plaintiff's cardiac rehabilitation schedule, which gave Defendant notice of Plaintiff's need for intermittent FMLA leave in the future. Defendant attempted to give the required notice along with a Medical Certification Request by

3

leaving the written notice and certification request in Plaintiff's work locker – this attempt was not reasonably calculated to provide notice and did not in fact give Plaintiff notice as he was out of work on medical leave at that time. Plaintiff did not receive the FMLA paperwork until returning to work on November 16, 2017.

19. One Plaintiff's return to work, Plattenburg repeatedly questioned him regarding when he would be released to work without restrictions.

20. On November 16, 2017, Plattenburg required Plaintiff to perform his regular work duties, not light duty, despite having not been released to full duty by his cardiac doctor. Plaintiff completed his work duties but went home in severe pain. Prior to leaving, Plaintiff complained to Defendant's supervisors, Craig Brown ("Brown") and Travis Mills ("Mills"), that he was in pain because he had been required to perform his regular job duties which were beyond his medical restrictions. Plaintiff also told Brown and Mills that because of the Thanksgiving holiday on Thursday, November 23, 2017, CP's cardiac rehabilitation was rescheduled for three consecutive days, Monday, Tuesday, and Wednesday (November 20-22) that week and that he would not be reporting to work those days. Brown acknowledged notice of Plaintiff's cardiac rehabilitation appointments and need for medical leave from work, responding "OK."

21. On the morning of Monday, November 20, 2017, Plattenburg called Plaintiff asking why Plaintiff was not at work. In response, Plaintiff told Plattenburg that Brown was aware Plaintiff would be absent Monday through Wednesday because of his cardiac rehabilitation schedule.

22. On November 22, 2017, Plattenburg terminated Plaintiff's employment for "no-call no-show."

23. Defendant failed to comply with the FMLA's notice provisions and requirements for certification of a serious health condition.

24. Defendant's actions were intentional, willful, and reckless.

### Plaintiff 's First Cause of Action

**(Violations Americans with Disabilities Act 42 U.S.C. § 12101 et. seq.)**

25. Plaintiff incorporates by reference paragraphs 1 through 24 of his Complaint.

26. Defendant regularly employed more than fifteen employees at all relevant times.

27. Plaintiff was disabled in that he had physical impairments that substantially limited one or more major life activities, including but not limited to: his ability to drive, stand, walk, work, and perform physically enduring tasks for a certain period of time caused by his heart condition.

28. Defendant otherwise perceived Plaintiff as disabled at the time of his termination and in the time leading up to his termination.

29. Defendant discriminated against Plaintiff on the basis of disability in violation of the Americans with Disabilities Act ("ADA") by refusing to make reasonable accommodations for Plaintiff's heart condition where Defendant failed to allow Plaintiff short term medical leave.

30. As an actual, proximate, and foreseeable result of Defendant's actions, Plaintiff suffered lost back and front pay, benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

### Plaintiff's Second Cause of Action

### (Violation of FMLA)

31. Plaintiff incorporates by reference paragraphs 1 through 30 of his Complaint.

32. Plaintiff's Second Cause of Action arises from Terminix's interference with Plaintiff's rights under the FMLA and unlawful termination of Plaintiff's employment because he utilized protected FMLA leave.

33. Terminix's actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

34. Plaintiff suffered damages as a result of Terminix's unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to the FMLA and ADA that Defendant reinstate Plaintiff to the position he held prior to the termination of his employment or to a comparable position with full seniority, benefits and wages, or pay front pay to Plaintiff in lieu thereof;

b) An Order pursuant to the FMLA and ADA that Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

c) An Order Pursuant to the FMLA and ADA that Defendant pay Plaintiff liquidated damages;

d) An Order pursuant to the FMLA and ADA ordering Defendant to pay Plaintiff punitive damages;

e)  Order Defendant pursuant to the FMLA and ADA ordering Terminix to pay Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

f)  Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

g)  Order Defendant to provide Plaintiff with all other legal and/or equitable relief to which he is entitled.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Jason S. Chestnut
Jason S. Chestnut NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: jason@gibbonsleis.com
phil@gibbonsleis.com
craig@gibbonsleis.com